# EXHIBIT 1

# SECOND AMENDED AND RESTATED HOTEL MANAGEMENT AGREEMENT

## AMONG

### REGENT INTERNATIONAL HOTELS, INC.

And

### HOTEL 57 L.L.C.

FOUR SEASONS HOTEL, NEW YORK

Dispute within 10 additional days, failing which they shall each retain an expert on the eleventh day and the two experts thus chosen shall together act as the expert for the purposes of this section 20.02(b). If either party shall fail to appoint an expert as required hereunder, the expert appointed by the other party shall be the sole expert. Within 90 days after the experts (or such single expert) have been retained, the experts (or such single expert) shall, on a non-binding basis, advise the parties in writing of their views. The expenses of the experts (or such single expert) shall be borne equally; and

(c)  third, if the parties are still unable to resolve the Dispute within such 90 day period, the parties shall resort to the arbitration procedures set forth in section 20.03; and

(d)  fourth, any party to the Dispute shall be entitled to join any Dispute proceeding arising out of this Agreement with any other Dispute proceeding arising out of this Agreement.

20.03  **Arbitration**

Except as otherwise provided in section 19.04 and this section 20.03, any Dispute arising out of or relating to this Agreement shall be settled by arbitration as follows:

(a)  each party shall be entitled to serve upon the other party written notice of its desire to settle the matter by arbitration. Within 10 days after receipt by the other party of such notice, each party shall appoint an arbitrator and within 10 days of their appointment the two arbitrators so chosen shall nominate a third independent arbitrator; provided that in the case of any arbitration in respect of sections 19.05 and 19.06(a), such third arbitrator shall be an independent arbitrator with at least ten years experience in the luxury hotel business in the target market in which the

Hotel competes and a partner of either Pannell, Kerr, Forster or one of the four largest firms of Certified Public Accountants in the United States. If within such 10 day period the two arbitrators fail to nominate the third arbitrator, upon written request of either party, the third arbitrator shall be appointed by the American Arbitration Association and both parties shall be bound by the appointment so made. If either party shall fail to appoint an arbitrator as required under this section 20.03(a), the arbitrator appointed by the other party shall be the sole arbitrator of the matter;

(b) the decision of the arbitrators (or such single arbitrator) shall be made within 30 days of the close of the hearing in respect of the arbitration (or such longer time as may be agreed to, if necessary, which agreement shall not be unreasonably withheld) and the decision of a majority of the panel (or such single arbitrator) when reduced to writing and signed by them shall be final, conclusive and binding upon the parties hereto, and may be enforced in any court having jurisdiction;

(c) the arbitration shall be held at New York City and, except for those procedures specifically set forth in this section 20.03, shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association as in effect on the date hereof; and

(d) the arbitrators (or such single arbitrator) shall determine the proportion of the expenses of such arbitration which each party shall bear; provided, however, that each party shall be responsible for its own legal fees.

Notwithstanding anything contained in this section 20.03 either Owner or Operator shall be entitled to (i) commence legal proceedings (in which case the provisions of sections 23.09 and 23.10 governing jurisdiction and service of process shall govern) seeking such mandatory, declaratory or injunctive relief as may be necessary to define or protect the rights and enforce the

obligations contained herein pending the settlement of a Dispute in accordance with the arbitration procedures set forth in this section 20.03. (ii) commence legal proceedings (in which case the provisions of section 23.09 and 23.10 governing jurisdiction and service of process shall govern) involving the enforcement of an arbitration decision or award arising out of this Agreement, or (iii) join any arbitration proceeding arising out of this Agreement with any other arbitration proceeding arising out of this Agreement.

## ARTICLE XXI
## OPERATOR'S LIABILITY

### 21.01    Standard of Care

Operator shall not, in the performance of its obligations under this Agreement, be liable to Owner or to any other Person for any act or omission (whether negligent, tortious or otherwise) of Operator or any of its Affiliates engaged by Operator to assist Operator in the performance of its obligations under this Agreement or any of their respective directors, officers, employees, consultants, agents or representatives, except only to the extent such liabilities, obligations, claims, costs and expenses arise out of or are caused by the wilful misconduct, gross negligence or bad faith of Operator or any of its Affiliates or any of their respective directors, officers, employees, consultants, agents or representatives.

### 21.02    Indemnities

(a)    Owner hereby indemnifies and holds Operator and its Affiliates and any of their respective directors, officers, employees, consultants, agents and representatives (collectively, the "Indemnified Parties") harmless from and against any and all liabilities, fines, suits, claims, obligations, damages, penalties, demands, actions, costs and expenses of any kind or nature (including, without limitation, legal fees) arising out of any action or omission or course of action on the part of an