# EXHIBIT 3

## STIPULATED ARBITRATION PROTOCOL

This Stipulated Arbitration Protocol ("Protocol") is entered into as of May 17, 2022 (the "Effective Date") by, on the one hand, counsel on behalf of Four Seasons Hotels Limited and FSR International Hotels Inc. (the "Four Seasons Parties") and, on the other, counsel to Hotel 57 L.L.C. and 1260 BB Property, LLC (the "Ty Warner Parties" and, with the Four Seasons Parties, the "Parties"), in connection with the Arbitration.

All capitalized terms not otherwise defined herein shall have the meanings given them in that certain letter agreement dated July 28, 2021 among the Parties (the "July 28 Agreement").

1. The Arbitration shall be governed by (a) the July 28 Agreement, (b) those provisions of the FSNY HMA and the FSSB HMA not affected by the July 28 Agreement, and (c) the American Arbitration Association's (the "AAA") Commercial Arbitration Rules, including the Procedures for Large, Complex Commercial Disputes in effect as of the Effective Date (the "AAA Rules"), except as modified herein.

2. The Parties acknowledge that Four Seasons Hotels Limited has initiated an arbitration against 1260 BB Property, LLC before the AAA in New York, New York. The Parties agree that FSR International Hotels Inc. and Hotel 57 L.L.C. may be joined in that proceeding. The Parties further agree that all disputes, including any defenses and counterclaims, that are subject to arbitration under the July 28 Agreement may be joined in that proceeding.

3. The Parties may serve Requests for the Production of Documents.

4. The Four Seasons Parties may serve up to 20 Interrogatories and the Ty Warner Parties may serve up to 20 Interrogatories. The Parties may not serve contention interrogatories.

5. The Four Seasons Parties may take up to ten (10) fact witness depositions and the Ty Warner Parties may take up to ten (10) fact witness depositions. Any additional depositions shall be permitted at the discretion of the arbitrators upon good cause shown. The burden of demonstrating good cause rests with the Party seeking the deposition.

6. In addition to all other arbitral powers, the arbitrators shall also have the power to issue subpoenas to non-parties for (a) the production of documents at or prior to the Arbitration hearings, (b) the taking of depositions prior to the Arbitration hearings, or (c) the taking of testimony or the production of documents at the Arbitration hearings. For purposes of the foregoing, the arbitrators (or any one of them) may conduct a hearing in any locale provided, however, that the primary seat of the arbitration is New York, New York.

7. Nothing in Paragraphs 3, 4, 5, or 6 precludes any Party from objecting to a particular document request, interrogatory, deposition, or subpoena provided that the permitted number of depositions as set forth in Paragraph 5 shall not be reduced (nor shall it be increased, except upon good cause as provided in Paragraph 5). Deposition testimony may be taken remotely via Zoom or similar method; provided that any Party may request an order from the arbitrators that, for good

cause shown, the deposition should be taken live. The burden of demonstrating good cause rests with the Party seeking the live deposition, and such request may be opposed by any Party.

8. Any Party seeking to introduce the testimony in connection with the Arbitration hearings of an expert who would be required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) if the Parties were proceeding in court shall, prior to such hearings, (a) serve upon the other Parties an expert report containing the information required under Fed. R. Civ. P. 26(a)(2)(B), and (b) make available for deposition by the other Parties (at the other Parties' option) the expert. The fees and expenses of the expert, including with respect to any deposition, shall be paid by the Party or Parties that retained the expert. A Party may not discover communications between the expert (including the expert's support staff, if any) and the counsel for the Party or Parties that retained the expert.

9. With respect to the confidentiality of the Arbitration referenced in the July 28 Agreement, the Parties will negotiate in good faith in an effort to reach agreement on a proposed confidentiality order for submission to the arbitrators.

10. With respect to selecting the three neutral, impartial and independent arbitrators referenced in the July 28 Agreement, the Parties shall follow the following process. Within twenty-one (21) days of the Effective Date, each Party (for purposes of this Paragraph, the Four Seasons Parties and the Ty Warner Parties are each a "Party") shall confidentially submit to the AAA, and not to the other Party, the names of eight (8) potential arbitrators. The AAA will disclose to both Parties the name(s) of any potential arbitrator(s) that have been submitted by both Parties. The AAA shall obtain from each potential arbitrator and provide to the Parties all the disclosures required before or at the time of appointment by law and by Rule 17 of the AAA Rules. The Parties' counsel shall then jointly telephonically contact each potential arbitrator. In the event more than one potential arbitrator is identified on both Parties' lists, the order in which those potential arbitrators are contacted shall be determined alphabetically based upon the potential arbitrator's last name. Upon confirmation by a potential arbitrator contacted by the Parties that he or she is available and willing to serve as an arbitrator in accordance with the July 28 Agreement and this Protocol, the potential arbitrator shall become one of the arbitrators. At the same time the AAA discloses the potential arbitrator(s) described in the third sentence of this Paragraph 10, the AAA shall also disclose to each Party the names of potential arbitrators that did not match. Either Party may inform the other and the AAA in writing that a nominee appearing on the other Party's lists so disclosed by the AAA is acceptable, and that nominee shall then be included in the process described in the fourth, fifth, and sixth sentences of this Paragraph 10. The process described in this Paragraph 10 will be repeated every seven (7) business days until a panel of three arbitrators is selected. The seven (7) business days shall commence the day after all arbitrators identified in the fourth sentence of this Paragraph 10 (as repeated pursuant to this Protocol and as may become necessary pursuant to Paragraph 11 herein) advise the Parties of their availability and willingness to serve as provided for in that sentence.

11. With respect to the arbitrators selected in Paragraph 10, the Four Seasons Parties and the Ty Warner Parties each shall have three peremptory challenges. Any such challenge must be made in writing within five (5) business days after the arbitrator that is the subject of the challenge becomes an arbitrator under Paragraph 10. Nothing in Paragraphs 10 and 11 affects the

2

right of any Party to seek disqualification of an arbitrator pursuant to Rule 18 of the AAA Rules or other applicable law.

FOUR SEASONS HOTELS LIMITED
and FSR INTERNATIONAL HOTELS INC.

By: _____
    Anthony S. Fiotto

1266 BB PROPERTY, LLC and HOTEL 57 L.L.C.

By: _____
    Gregory J. Scandaglia

3