# Exhibit 1

# HOTEL MANAGEMENT AGREEMENT

Between

## FOUR SEASONS HOTELS LIMITED

And

## CHANNEL DRIVE L.L.C.

## FOUR SEASONS RESORT, SANTA BARBARA

- 46 -

8.03    Use of Proprietary Materials by Owner

(a)     Owner shall not use or permit the use of any Proprietary Materials, save and except in accordance with this Agreement.

(b)     Owner shall not disclose or permit the disclosure of any Proprietary Materials at any time to any Person, save and except in accordance with Section 8.03(d) or (e) or as may be permitted by Operator pursuant to this Agreement or the Proprietary Materials License Agreement or to those agents, representatives, employees, officers or directors of Owner that must have access to any Proprietary Materials to exercise the rights, or to perform the obligations, of

- 47 -

Owner under this Agreement and only for such purposes. Owner shall use its reasonable efforts to ensure that any such Person is aware of the confidential and proprietary nature of the Proprietary Materials and agrees to abide by the same restrictions in respect thereof as are applicable to Owner under this Agreement.

(c)  Owner shall not release any written material containing Proprietary Materials (whether in a prospectus, information circular, offering document, marketing campaign or otherwise) or issue any press release or make any other public statement containing Proprietary Materials without the prior written consent of Operator, which consent may be unreasonably withheld and delayed.

(d)  The obligations of Owner to Operator under this Section 8.03 shall not apply to any Proprietary Materials which (i) are or become generally available to the public other than as a result of the action of Owner or any of its Affiliates or any of their respective agents, representatives, employees, officers or directors, (ii) become available to Owner on a non-confidential basis from a source other than Operator or any of its Affiliates or any of their respective agents, representatives, employees, officers or directors; provided that such source is not bound by a confidentiality agreement with Operator or any of its Affiliates or any of their respective agents, representatives, employees, officers or directors or otherwise prohibited from transmitting Proprietary Materials to Owner by a contractual, legal or fiduciary obligation, or (iii) were known to Owner on a non-confidential basis prior to disclosure to Owner by Operator or any of its Affiliates or any of their respective agents, representatives, employees, officers or directors.

(e)  In the event that Owner or any of its Affiliates or any of their respective agents, representatives, employees, officers or directors become compelled by any Applicable Law to disclose any Proprietary Materials, Owner shall provide

312 715 4800

- 48 -

(f) Operator with prompt written notice so that Operator may seek a protective order or other appropriate remedy. In the event that such protective order or other remedy is not obtained, Owner or any of its agents, representatives, employees, officers or directors will furnish only that portion of such Proprietary Materials which is required by any Applicable Law and each such Person shall exercise its reasonable efforts to obtain reliable assurances that confidential treatment will be accorded such Proprietary Materials.

(f) Owner acknowledges and agrees that Operator would not have an adequate remedy at law and would be irreparably harmed in the event that any of the provisions of this Section 8.03 were not performed in accordance with their specific terms or were otherwise breached. Accordingly, Owner agrees that Operator shall be entitled to injunctive relief to prevent any breach of this Section 8.03 and to specifically enforce the terms and provisions hereof in addition to any other remedy to which Operator may be entitled at law or in equity.

(g) Operator shall not issue any press release or make any public statement concerning Owner except for press releases, public statements and articles featuring the Hotel or as may be required by Applicable Law.

- 91 -

18.07         Owner to Receive All Books and Records Upon Termination

    Upon termination of this Agreement, the Accounts, including (without limitation) originals or copies, as appropriate, of those Accounts not kept at the Hotel, shall be turned over to Owner forthwith so as to ensure the orderly continuance of the operation of the Hotel, but the Accounts shall thereafter be available to Operator at all reasonable times for inspection, audit, examination and transcription, at Operator's cost and expense, for a period of ten (10) years from the date of such termination.

- 94 -

19.02    Dispute Resolution

Unless otherwise specifically provided for in this Agreement, all disputes, controversies, claims or disagreements arising out of or relating to this Agreement (singularly, a "Dispute," and collectively, "Disputes") shall be resolved in the following manner:

(a)    first, within five (5) days after the receipt of notice of a Dispute by one party to the other, the parties shall negotiate in good faith for a period of twenty (20) days in an effort to resolve the Dispute;

(b)    second, if the parties are unable to resolve the Dispute within such twenty (20) day period, they shall retain a mutually acceptable expert to assist them in

- 95 -

resolving the Dispute within five (5) additional days, failing which they shall each retain an expert on the sixth (6TH) day and the two (2) experts thus chosen shall together act as the expert for the purposes of this Section 19.02(b). If either party shall fail to appoint an expert as required hereunder, the expert appointed by the other party shall be the sole expert. Within thirty (30) days after the experts have (or such single expert has) been retained, the experts (or such single expert) shall, on a non-binding basis, advise the parties in writing of their (or his or her) views. The expenses of the experts (or such single expert) shall be borne equally;

(c) third, if the parties are still unable to resolve the Dispute within such thirty (30) day period, the parties shall resort to the arbitration procedures set forth in Section 19.03; and

(d) fourth, any party to the Dispute shall be entitled to join any Dispute proceeding arising out of this Agreement with any other Dispute proceeding arising out of this Agreement.

19.03    Arbitration

Except as otherwise provided in Section 18.04 and this Section 19.03, any Dispute arising out of or relating to this Agreement shall be settled by arbitration as follows:

(a) each party shall be entitled to serve upon the other party written notice of its desire to settle the matter by arbitration. Within ten (10) days after receipt by the other party of such notice, each party shall appoint an arbitrator and within ten (10) days of their appointment the two (2) arbitrators so chosen shall nominate a third independent arbitrator; provided that in the case of any arbitration in respect

- 96 -

of Section 18.07, such third arbitrator shall be either an independent arbitrator or an attorney with at least ten (10) years experience in the luxury hotel business in the target market in which the Hotel competes. If within such ten (10) day period the two (2) arbitrators fail to nominate the third arbitrator, upon written request of either party, the third arbitrator shall be appointed by the American Arbitration Association and both parties shall be bound by the appointment so made. If either party shall fail to appoint an arbitrator as required under this Section 19.03(a), the arbitrator appointed by the other party shall be the sole arbitrator of the matter;

(b)  the decision of the arbitrators (or such single arbitrator) shall be made within thirty (30) days of the close of the hearing in respect of the arbitration (or such longer time as may be agreed to, if necessary, which agreement shall not be unreasonably withheld) and the decision of a majority of the panel (or such single arbitrator) when reduced to writing and signed by them shall be final, conclusive and binding upon the parties hereto, and may be enforced in any court having jurisdiction;

(c)  the arbitration shall be held in the City of Los Angeles, California and, except for those procedures specifically set forth in this Section 19.03, shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association as in effect on the date hereof; and

(d)  the arbitrators (or such single arbitrator) shall determine the proportion of the expenses of such arbitration which each party shall bear; provided, however, that each party shall be responsible for its own legal fees.

- 97 -

Notwithstanding anything contained in this Section 19.03 either Owner or Operator shall be entitled to (i) commence legal proceedings (in which case the provisions of Sections 22.09 and 22.10 governing jurisdiction and service of process shall govern) seeking such mandatory, declaratory or injunctive relief as may be necessary to define or protect the rights and enforce the obligations contained herein pending the settlement of a Dispute in accordance with the arbitration procedures set forth in this Section 19.03, (ii) commence legal proceedings (in which case of provisions of Sections 22.09 and 22.10 governing jurisdiction and service of process shall govern) involving the enforcement of an arbitration decision or award arising out of this Agreement, or (iii) join any arbitration proceeding arising out of this Agreement with any other arbitration proceeding arising out of this Agreement.