# Exhibit 3

**FOUR SEASONS HOTELS LIMITED**
**FSR INTERNATIONAL HOTELS INC.**
1165 LESLIE STREET
TORONTO, ONTARIO M3C 2K8

July 28, 2021

Hotel 57 L.L.C.
c/o Ty Warner Hotels and Resorts, LLC
280 Chestnut Avenue
Westmont, IL 60559

1260 BB Property, LLC
c/o Ty Warner Hotels and Resorts, LLC
280 Chestnut Avenue
Westmont, IL 60559

Re:  Four Seasons Hotel New York and Four Seasons
     Resort The Biltmore Santa Barbara - Letter Agreement
     Regarding the Consolidated Mediation and the Consolidated Arbitration

Dear Sir/Madam:

  This letter agreement confirms the agreement between, on the one hand, FSR International Hotels Inc., a Nevada corporation ("FSR"), and Four Seasons Hotels Limited, a corporation incorporated under the laws of the province of Ontario, Canada ("Four Seasons"), and on the other, Hotel 57 L.L.C., a Delaware limited liability company ("Hotel 57"), and 1260 BB Property, LLC, a Delaware limited liability company ("1260 BB") (all of the foregoing parties are collectively, the "Parties").

  With respect to certain disputes for which the dispute resolution process has been triggered under Section 19.04 and Section 20.02 of a certain Second Amended and Restated Hotel Management Agreement dated as of August 1, 1996, as amended ("FSNY HMA"), Hotel 57 and FSR hereby agree to engage in a good faith Mediation (defined below) in lieu of the steps of the dispute resolution process provided for in Section 19.04 and Section 20.02(a) through (c) of the FSNY HMA.  In the event that any dispute referenced in the prior sentence is not resolved by good faith Mediation, that dispute shall be resolved pursuant to Section 20.02(d) and Section 20.03 of the FSNY HMA as such sections are modified by this letter agreement.

  With respect to certain disputes for which the dispute resolution process has been triggered under Section 18.04 and Section 19.02 of a certain Hotel Management Agreement dated as of

ACTIVE/110587880.1

Hotel 57 L.L.C.
1260 BB Property, LLC
July 28, 2021
Page 2

November 8, 1995, as amended ("FSSB HMA"), 1260 BB and Four Seasons hereby agree to engage in a good faith Mediation in lieu of the steps of the dispute resolution process provided for in Section 18.04 and Section 19.02(a) through (c) of the FSSB HMA.  In the event that any dispute referenced in the prior sentence is not resolved by good faith Mediation, that dispute shall be resolved pursuant to Section 19.02(d) and Section 19.03 of the FSSB HMA as such sections are modified by this letter agreement.

      The Parties acknowledge that a consolidated mediation regarding all aforementioned disputes ("Mediation") is currently scheduled to proceed on August 19, 2021 with JAMS Mediator David Geronemus.

      In the event the disputes referenced above, including any defenses and counterclaims arising out of or relating to the FSNY HMA or the FSSB HMA, are not resolved by the Mediation, then notwithstanding Section 20.03(c) of the FSNY HMA and Section 19.03(c) of the FSSB HMA, the Parties agree to conduct a single, consolidated arbitration ("Arbitration") in New York, New York before a panel of three neutral, impartial and independent arbitrators and that any such Arbitration shall be confidential and that the arbitrators shall have the power to determine arbitrability and the scope of the Arbitration.  Further, because the Arbitration will proceed in New York, New York, the Parties further agree that, notwithstanding Section 23.09 of the FSNY HMA and Section 22.09 of the FSSB HMA, the Parties submit and consent to the non-exclusive jurisdiction of the federal and state courts located in New York City for all purposes described in Section 23.09 and 22.09, respectively, as regards any suit, action or other legal proceedings arising out of the Arbitration or involving the enforcement of a decision or award issued in the Arbitration.  The Parties further agree that, in the event they proceed to Arbitration, they shall make a good faith effort to agree to a stipulated arbitration protocol that provides for appropriate pre-hearing discovery, including the power to subpoena non-party witnesses for depositions in any locale, and that provides depositions may in certain cases be taken remotely.

      This letter agreement shall apply only to the disputes referenced herein.

      This letter agreement may be executed in counterparts, all of which shall constitute the same agreement.  Except as amended hereby, the FSNY HMA and the FSSB HMA remain in full force and effect as of the date hereof.  All references to the FSNY HMA and/or the FSSB HMA in this letter agreement shall be deemed to refer to the FSNY HMA and/or the FSSB HMA (as applicable) as amended by this letter agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**
**[SIGNATURE PAGES FOLLOW]**

Hotel 57 L.L.C.
1260 BB Property, LLC
July 28, 2021
Page 3

IN WITNESS WHEREOF, the Parties have duly executed this letter agreement as of the day and year first above written.

**FSR INTERNATIONAL HOTELS INC.**

By: _____
Name: Joel Monsin
Title: President

By: _____
Name: Antoine Chahwan
Title: Secretary

**FOUR SEASONS HOTELS LIMITED**

By: _____
Name: Sarah Cohen
Title: Executive Vice President
General Counsel & Secretary

By: _____
Name: Joel Monson
Title: Senior Vice President
and Assistant Secretary

Hotel 57 L.L.C.
1260 BB Property, LLC
July 28, 2021
Page 4

**HOTEL 57 L.L.C.**

By: _____
     Name: Cathy Hwang
     Title: Chief Financial Officer

**1260 BB PROPERTY, LLC**

By: _____
     Name: Cathy Hwang
     Title: Chief Financial Officer